Neal A. Potischman (SBN 254862)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
neal.potischman@davispolk.com

*Attorneys for Plaintiff*
*Credit Suisse Securities (USA) LLC*

Vincent J. Marella (SBN 57702)
Mark T. Drooks (SBN 123561)
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS &
LINCENBERG, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA  90067-2561
Telephone:  (310) 201-2100
Facsimile:    (310) 201-2110
vjm@birdmarella.com
mtd@birdmarella.com

*Attorneys for Plaintiff*
*VLS Securities LLC*

George L. Hampton IV (SBN 144433)
HAMPTON HOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, CA 92625
Telephone: (949) 718-4550
Facsimile: (949)718-4580
ghampton@hamptonholley.com

*Attorneys for Defendant Nelson Chia*

[Additional attorneys listed on following page]

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDIT SUISSE SECURITIES (USA) LLC and VLS SECURITIES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NELSON CHIA,<br><br>Defendant. | CASE NO.  2:13-CV-03085-DSF-AJW<br><br>**PROTECTIVE ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

James H.R. Windels *(admitted pro hac vice)*
Emmet P. Ong *(admitted pro hac vice)*
Melissa C. King *(admitted pro hac vice)*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800
james.windels@davispolk.com
emmet.ong@davispolk.com
melissa.king@davispolk.com

*Attorneys for Plaintiff*
*Credit Suisse Securities (USA) LLC*

Raymond Banoun *(admitted pro hac vice)*
Thomas A. Kuczajda *(admitted pro hac vice)*
Sharon A. Rose (SBN 253653)
CADWALADER WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, D.C.  20001
Telephone:  (202) 862-2426
Facsimile:    (202) 862-2271
ray.banoun@cwt.com
tom.kuczajda@cwt.com
sharon.rose@cwt.com

*Attorneys for Plaintiff VLS Securities LLC*

Lance Arney (*seeking admission pro hac vice*)
Cynthia Moulton (*seeking admission pro hac vice*)
MOULTON & ARNEY, LLP
800 Taft Street
Houston, Texas  77019
Telephone:  (713) 353-6699
Facsimile:    (713) 353-6698
larney@moultonarney.com
cmoulton@moultonarney.com

*Attorneys for Defendant Nelson Chia*

STIPULATION FOR PROTECTIVE ORDER FOR THE PRODUCTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION
CASE NO.  2:13-CV-03085-DSF-AJW

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in the interest of efficiency and judicial economy, and to avoid ancillary litigation over discovery issues relating to confidential discovery material, Plaintiffs Credit Suisse Securities (USA) LLC and VLS Securities LLC and Defendant Nelson Chia (collectively, Plaintiffs and Defendant are the "Parties," and each is a "Party") hereby set forth this agreed proposed Protective Order for the Production and Exchange of Confidential Information (the "Order"), and respectfully request that the Court enter an order approving the same.

## DEFINITIONS

1. "Discovery Material" means all documents, testimony, exhibits, electronic data, responses to interrogatories, responses to requests for admission, and any other materials or information produced by a Party or non-Party (including, to avoid any ambiguity, any copies, summaries, or derivations thereof) in connection with the above-captioned action (the "Action").

2. "Designating Party" means the Disclosing Party who designates any Discovery Material as "Confidential."

3. "Disclosing Party" means any Party or non-Party who produces Discovery Material.

4. "Receiving Party" means any Party or non-Party who receives Discovery Material.

## CONFIDENTIALITY

5. A Disclosing Party may designate as "Confidential" any Discovery Material, or any portion thereof, that the Disclosing Party reasonably and in good

faith believes contains or reveals (1) information concerning, relating to, or reflecting existing trade secrets, proprietary business information, or other confidential research, design, development, financial or commercial information; (2) nonpublic personal information, including, but not limited to, social security numbers, home telephone numbers and addresses, tax returns, medical information, credit information; and (3) other information for which applicable law requires confidential treatment.  Confidential Discovery Material does not include any documents or information that is available to the public, unless such availability is a result of a breach of a legal duty (including any violation of this Order).  Discovery Material that a Disclosing Party designates as "Confidential" during discovery in the Action is referred to as "Confidential Discovery Material."

6. Any Receiving Party with possession, custody, or control of any Confidential Discovery Material shall use that material solely for the purpose of conducting or participating in the Action and not for any other purpose whatsoever. Notwithstanding this provision, the fact that Discovery Material has been designated as "Confidential" under this Order will not preclude any of the Parties or their counsel from requesting any such Discovery Material from the Disclosing Party in another action by subpoena, document request, or other appropriate form of discovery under applicable law.  The Disclosing Party shall not object to such a request on the basis that the Discovery Material is subject to this Order, but may object to such a request for any other reason under the rules governing discovery in the other action.

7. Except as otherwise specifically provided in this Order, in the absence of written permission from the Disclosing Party or an order of the Court, Confidential Discovery Material may be disclosed only to the following persons:

 (a) The Parties, including any current or former director, officer, employee or parent of any Party;

 (b) The claimants in the underlying arbitration *Kenneth Brickman et al. v. Credit Suisse Securities (USA) LLC, and VLS Securities, LLC* (FINRA Case No. 12-04094) listed at Exhibit A hereto;

 (c) The attorneys working on the Action on behalf of any Party, including attorneys consulting with or advising any Party, in-house attorneys, paralegals, and staff, stenographic and clerical employees, and contractors working under the direct supervision of such attorneys and necessary to assist with the Action;

 (d) Any expert or consultant who is expressly retained to assist in connection with the Action, with disclosure only to the extent reasonably necessary to perform such work; provided that any part of a report created by such expert or consultant relying on or incorporating "Confidential" information in whole or in part shall be designated as "Confidential" by the Party responsible for its creation; and provided further that the experts or consultants may not use "Confidential" information to their competitive advantage or for any purpose that does not relate to the Action;

 (e) Any fact witness or potential fact witness, including employees or agents of any Party, and attorneys for such witnesses, in connection with their

3

[PROPOSED] PROTECTIVE ORDER FOR THE PRODUCTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION
CASE NO. 2:13-CV-03085-DSF-AJW

1  testimony or potential testimony in the Action or the preparation for such
2  testimony; provided, however, that any such individual (i) shall not retain any
3  Confidential Discovery Material; and (ii) shall be informed, prior to being shown
4  Confidential Discovery Material that he/she is being shown such materials solely
5  for use in the Action;

6     (f) Vendors retained by or for the Parties to assist in pretrial
7  discovery, trial, and/or hearings in the Action, including, but not limited to, court
8  reporters, videographers, litigation support personnel, jury consultants, individuals
9  to prepare demonstrative and audiovisual aids for use in the courtroom or in
10 depositions or mock jury sessions, as well as their staff and stenographic and
11 clerical employees whose duties and responsibilities require access to such
12 materials;

13    (g) The Court and its personnel, including any appellate court in
14 this Action and any jurors in this Action;

15    (h) Any individual who prepared the document designated
16 "Confidential" and/or is identified on the face of the document as an addressee or
17 copy addressee, limiting his or her access to that document only; and

18    (i) Any other person designated by agreement of the Parties and
19 the Disclosing Party, or by order of the Court.

20   8. The persons described in paragraphs 7(b)-(f) and (h)-(i) shall have
21 access to Confidential Discovery Material only after they have been made aware of
22 the provisions of this Order. The persons described in paragraphs 7(b), (d), (e) and
23 (i) above must manifest their assent to be bound by the provisions of this Order by
24

4

signing a copy of the annexed "Undertaking" prior to being afforded access to Confidential Discovery Material. Counsel shall retain copies of the signed Undertaking forms so long as the protections contemplated by this Order, or any subsequent order in this Action related to the handling of confidential documents and information, remain in effect. Any person or entity receiving Confidential Discovery Material is enjoined from disclosing that material to any other person or entity, except in conformance with this Order.

9. Any Receiving Party receiving Confidential Discovery Material shall maintain all Confidential Discovery Material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the Receiving Party with respect to his, her or its own confidential material. Confidential Discovery Material shall not be copied, reproduced, summarized, extracted, or abstracted, except to the extent reasonably necessary for the conduct of the Action.

10. This Court shall retain jurisdiction over this Order, including any proceedings relating to performance under or compliance with the Order. Receiving Parties who receive Confidential Discovery Material shall be subject to this Order and to the jurisdiction of this Court concerning this Order.

11. Disclosing Parties shall designate Confidential Discovery Material as follows:

(a) In the case of documents produced, interrogatory responses, responses to requests to admit, and the information contained therein, designation shall be made by marking or stamping each page as "Confidential."

5
[PROPOSED] PROTECTIVE ORDER FOR THE PRODUCTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION
CASE NO. 2:13-CV-03085-DSF-AJW

(b) Any non-paper media (e.g., videotape, audiotape, computer disc) containing Confidential Discovery Material may be designated as such by labeling the outside of such non-paper media as "Confidential." In the event a Receiving Party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such Receiving Party must treat each copy, transcription, or printout as Confidential Discovery Material pursuant to the terms of this Order in accordance with the designation of the produced copy.

12. In the event that a Disclosing Party inadvertently fails to stamp or otherwise mark material as "Confidential" at the time of its production, that Disclosing Party may stamp or otherwise mark the material as "Confidential" within thirty (30) days of discovery of the omitted designation. Delay in designating material as "Confidential" shall not, in and of itself, be deemed to have effected a waiver of any of the protections of this Order.

13. Confidential Discovery Material may be used in depositions. Designation of the portion of the deposition transcript (including exhibits) that contains such Confidential Discovery Material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by the Disclosing Party or counsel for the Disclosing Party whose Confidential Discovery Material was used at the deposition. Such designations shall be made within twenty-one (21) days after the transcript of the deposition becomes available. During the twenty-one (21) days after the transcript of any deposition becomes available, the entire deposition transcript (including exhibits)

shall be treated as Confidential Discovery Material.  The cover of each deposition transcript that contains Confidential Discovery Material shall bear the following legend: "This Deposition Transcript Contains Confidential Discovery Material."  Objections to the designation of Confidential Discovery Material under this paragraph shall be governed by the procedures set forth in paragraph 14.

14.   No Party shall be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, nor shall a Party that has designated materials as "Confidential" contend that any delay by another Party in challenging the Designating Party's "Confidential" designation in any way (a) lends support to the Designating Party's "Confidential" designation or (b) invalidates or diminishes in any way the objecting Party's challenge of the "Confidential" designation for any such materials.

In the event that any Party disagrees with the designation of Discovery Material as "Confidential," counsel for such Party (the "Challenging Party") shall notify counsel for the Disclosing Party in writing (the "Notice").  The Challenging Party shall identify each particular document or other material bearing a designation to which it objects and shall specify the reason(s) for the objection. The Designating Party shall deliver to the Challenging Party's counsel, within seven (7) days of receiving the Notice, a written response in which the Designating Party states its agreement or refusal to withdraw the challenged designation.  If the Designating Party refuses to withdraw the challenged designation, then, within seven (7) days of the receipt of the response, counsel for the Parties (and any non-

7

Party involved) shall hold a meet-and-confer to attempt to resolve the dispute. If, despite good-faith effort, the dispute cannot be resolved informally by the parties, the party contesting the designation may seek relief from the Court in accordance with the applicable rules of District Judge Dale S. Fischer and Magistrate Judge Andrew J. Wistrich. The Designating Party shall have the burden of establishing that the Discovery Material in question is "Confidential." The material in question shall retain its "Confidential" status during the pendency of the motion.

15. Without written permission from the Designating Party or order from the Court secured after appropriate notice to all interested persons, a Party may not file any Confidential Discovery Material in the public record in the Action. Any Party that seeks to file any pre-trial motions, memoranda, or affidavits containing Confidential Discovery Material or seeks to use Confidential Discovery Material at a hearing must comply with the provisions for filing materials under seal contained in Federal Rule of Civil Procedure 26(c), Central District of California Local Rule 79-5, and the applicable rules of District Judge Dale S. Fischer and Magistrate Judge Andrew J. Wistrich. The designation of material as "Confidential" shall not constitute evidence as to whether such material may properly be sealed. A Party's failure to contest a Disclosing Party's designation of material as "Confidential" before the filing of a motion to seal shall not be deemed an admission by the Party who failed to contest the designation that such material should be filed under seal. While a motion to seal is pending and before the Court has ruled, no Party shall make use in open court of any material that is subject to that motion to seal without the consent of the Designating Party or the permission of the Court.

16. If a Party or non-Party inadvertently discloses or shows Confidential Discovery Material to any person or entity other than in the manner authorized by this Order, they must promptly bring all pertinent facts relating thereto to the attention of counsel for the Disclosing Party and, without prejudice to any other rights and remedies of the Parties or non-Parties, make reasonable efforts to retrieve the Confidential Discovery Material promptly and to prevent further dissemination by it or by the person or entity who was the recipient of such material.

17. In the event any Receiving Party having possession, custody or control of any "Confidential" material receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any "Confidential" material, but excluding requests made in connection with an inquiry by a regulatory authority (a "Third-Party Request"), the Receiving Party shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental authority promptly, and in any event within five (5) business days of receipt of the Third-Party Request, give written notice to counsel for the Designating Party.

The Designating Party shall have the burden of objecting to the Third-Party Request. The Receiving Party receiving the Third-Party Request shall be entitled to comply with it except to the extent that the Designating Party is successful in obtaining an order modifying or quashing the Third-Party Request; provided, however, that the Receiving Party receiving the Third-Party Request shall await

9

1  the disposition of any motion to quash or motion for a protective order timely filed
2  by the Disclosing Party before producing any Confidential Discovery Material in
3  response to the Third-Party Request, to the extent that doing so does not expose
4  such Receiving Party to sanctions, an order of contempt or the like.  Nothing in this
5  Order shall require any Receiving Party to disregard or violate any order or
6  direction of any governmental authority.
7      18.   Within sixty (60) days of the termination of the Action between the
8  Parties, including final appellate action or the expiration of time to appeal or seek
9  further review, the Parties shall take commercially reasonable efforts to see that all
10 Confidential Discovery Material is destroyed and the Disclosing Party shall be
11 provided with a certification stating that the Disclosing Party's Confidential
12 Discovery Material has been destroyed.
13     19.   Except as specifically provided herein, the terms, conditions, and
14 limitations of this Order shall survive the termination of the Action.
15     20.   Nothing in this Order shall be construed to limit in any way any
16 Disclosing Party, any Receiving Party, or any other person from using its own
17 Discovery Material; nor shall it affect any Disclosing Party's, Receiving Party's, or
18 any other person's subsequent waiver of its own prior designation with respect to
19 its own Confidential Discovery Material.
20     21.   By entering into this Order, producing or designating Confidential
21 Discovery Material, and/or failing to designate Confidential Discovery Material,
22 the Parties do not waive any of the following: (1) the right to object to discovery
23 on the ground that the requested discovery seeks information requiring additional
24

protections beyond those provided in this Order; (2) the right to object to discovery on any other ground, including, but not limited to, attorney-client privilege and attorney work product; (3) the right to seek an order compelling discovery with respect to any discovery requests; and (4) the right at any proceeding or hearing to object to the relevance or admissibility of any evidence on any ground.

22. The Parties agree to meet and confer in advance of trial regarding the use of Confidential Discovery Material in connection therewith.

23. This Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties or by further order of the Court.

SO ORDERED.

Date: July 29, 2013          /s/ Andrew J. Wistrich
                             HONORABLE ANDREW J. WISTRICH
                             U.S. DISTRICT MAGISTRATE JUDGE

# Exhibit A

## Kenneth Brickman *et al.* v.
## Credit Suisse Securities (USA) LLC, and VLS Securities, LLC
(FINRA Case No. 12-04094)

| **Claimants** |
| --- |
| Kenneth Brickman |
| Greg & Jessica Bulette |
| Nelson Chia, *Individually and as Trustee of the Nelson P. Chia Living Trust* |
| Lili Xu DDS, *Individually and as Trustee of the Dr. Lili Xu Defined Benefit Pension Plan* |
| Teresa Dykzeul |
| Michael Gadams |
| Gary & Sherrie Kay, *as Trustees of the Gary S. and Sherrie M. Kay Trust* |
| Peter Y.C. Lau |
| Khosrow Mehrany |
| James Ng |
| Tony Schifano |
| Hua Sun |
| Liming Sun |
| Zewei Zeng |
| Manoj Wazarkar |
| Yue Xu |
| Shao Xuanhao |
| Honghua & Jin Yang |
| Xun He |
| Hasan T. Abu-Khajeel |
| 4077997 Canada Inc. |
| Cohlors Pack Inc. |
| Larex Management, Inc. |
| Shawn M. Royle |

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDIT SUISSE SECURITIES (USA) LLC and VLS SECURITIES LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>NELSON CHIA,<br><br>  Defendant. | CASE NO. 2:13-CV-03085-DSF-AJW<br><br>**UNDERTAKING** |

1. I, _____, declare that:

2. I have received a copy of the Order entered by the Court in *Credit Suisse Securities (USA) LLC & VLS Securities LLC v. Nelson Chia*. I have read the Order and understand its provisions.

3. I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not use for purposes other than for the Action any Discovery Material designated "Confidential" that I receive, except as otherwise permitted under the Order.

4. Upon the conclusion of the Action and any appeals related hereto, or when I no longer have any reason to possess the Confidential Discovery Material, whichever shall first occur, I hereby agree to return all copies of such information to the Party or non-Party who furnished the same to me or certify that the same has been destroyed.

5. I consent to the jurisdiction of the United States District Court for the Central District of California to resolve any issues with respect to my compliance with the Order.

Dated: _____

Signature _____

Name: _____

Position: _____

Firm: _____

Address: _____

_____

Tel. No.: _____

2
[PROPOSED] PROTECTIVE ORDER FOR THE PRODUCTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION
CASE NO. 2:13-CV-03085-DSF-AJW